UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and STATE FARM
FIRE AND CASUALTY
COMPANY,

           Plaintiffs,

v.                                        Case No: 6:24-cv-379-JSS-EJK

COMPLETE CARE CENTERS,
LLC,

           Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion for Protective Order Quashing Non-Party Subpoenas (Doc. 67), filed October 14, 2024. Plaintiffs responded in opposition. (Doc. 70.) Upon consideration, the Motion is due to be denied.

This action, in part, seeks a judgment declaring that the provision of the Settlement Agreement that provides "[a] waiver of Complete Care's AR" (the "Waiver Provision") requires Complete Care to waive its legal accounts receivable. (Doc. 1 ¶ 11.) Defendant moves for a protective order quashing the subpoenas (Doc. 67-1) issued by Plaintiffs to non-parties Regions Bank, Regions Commercial Equipment Finance,

LLC, and Regions Equipment Finance Corporation (collectively, "Regions").[1] (Doc. 67 at 1.) Plaintiffs issued Subpoenas to Regions requesting production of financial documents relating to Defendant's credit facilities with these entities. (*Id.*) The Subpoenas request:

1. All agreements, including any amendments thereto, for any Credit extended to Complete Care that was secured, or intended to be secured, by Complete Care's Accounts Receivable.

2. All applications, including any materials or documentation appended to or enclosed therewith, submitted by Complete Care for any Credit secured, or intended to be secured, by Complete Care's Accounts Receivable.

3. All guarantee agreements for any Credit secured, or intended to be secured, by Complete Care's Accounts Receivable.

4. Periodic statements of account for any Credit secured, or intended to be secured, by Complete Care's Accounts Receivable.

5. Documents and communications referring to or disclosing the composition of Complete Care's Accounts Receivable.

6. Documents and communications referring to or disclosing the waiver of any amounts owed to Complete Care by its patients, including the waiver of Complete Care's Accounts Receivable pursuant to the January 17, 2023 settlement of the case captioned *State Farm Mutual Automobile Insurance Company v. Complete Care Centers, LLC*, Case No. 6:20-cv-01240 (M.D Fla.).

(*See, e.g.*, Doc. 67-1 at 6–7.)

---

[1] Non-party Regions Bank has already produced documents responsive to Plaintiffs' Subpoena. (Doc. 82.)

Defendant asserts that the documents requested "consist of sensitive financial records not relevant to the proceedings at hand and not proportional to the needs of the case." (Doc. 67 at 1.) As to its relevance objection, Defendant contends that the Subpoenas seek disclosure of *all* information related to *any* credit facility secured by Defendant's general accounts receivable owed by anyone, including other insurers—not just Plaintiffs. (*Id.* at 2.) Defendant asserts this request runs far afield of what it characterizes as a narrow interpretive issue pertaining to the meaning of Defendant's AR in the Settlement Agreement. (*Id.*) Defendant contends that even under Plaintiffs' interpretation of the meaning of the Settlement Agreement, the Waiver Provision does not apply to accounts receivable other than those connected to State Farm and its insureds. (*Id.*)

Plaintiffs respond that the requested documents are relevant because Defendant asserted during the pendency of the action that resulted in the Settlement Agreement that it could not waive its AR because it was pledged as collateral. (Doc. 70 at 1–2.) Plaintiffs contend that while Defendant originally offered to waive only part of its AR, after the parties selected a jury, Defendant ultimately agreed to "waive all of its AR, without limitation." (*Id.* at 2.) Plaintiffs assert that Defendant's secured lenders, such as Regions, "have knowledge of Defendant's AR and the Parties' settlement negotiations, both of which are directly relevant to one of the primary issues in this case—the interpretation of the provision in the first bullet point of the Settlement Agreement which provides '[a] waiver of Defendant's AR.'" (*Id.*)

- 3 -

As a party, Defendant has standing to move for a protective order if the Subpoena to a non-party seeks irrelevant information. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Further, "[t]he decision to enter a protective order is within the court's discretion." (*Id.*) Federal Rule of Civil Procedure 26(c) allows a court, upon a showing of good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The undersigned finds the discovery sought from Regions to be relevant. As Plaintiffs point out, Regions may have knowledge regarding the parties' AR, and as the scope of that term is in dispute, Plaintiffs are entitled to this discovery. The undersigned previously sustained Defendant's objection to Plaintiffs' request for production for all credit agreements or loan covenants secured by Defendant's AR based on overbreadth. (Doc. 81 ¶ 1(c).) However, the undersigned did not find that request to be irrelevant. Since Defendant does not have standing to quash the third-party subpoenas on proportionality grounds, *see Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-CV-88-T36JSS, 2019 WL 10375484, at *2 (M.D. Fla. Feb. 22, 2019), the undersigned finds no basis to enter a protective order.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion for Protective Order Quashing Non-Party Subpoenas (Doc. 67) is **DENIED**.

2. In light of this ruling, Defendant's Amended Motion to Quarantine Highly Confidential Financial Documents Produced by Nonparty Pending Ruling on Defendant's Motion for Protective Order Consistent with the Court's Order Sustaining Objections to the Same Discovery in DE 81 (Doc. 84) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE