UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, et al.,

      Plaintiffs,

v.                                                                CASE NO. 6:24-cv-379-JSS-UAM

COMPLETE CARE CENTERS, LLC,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Redact October 31, 2024 Transcript ("Motion"), Doc. 89, and Plaintiffs' response in opposition thereto ("Response"), Doc. 93.

On October 7, 2024, Plaintiffs filed two motions to compel discovery. Docs. 63, 64. On October 31, 2024, the parties appeared before the Court for a hearing on the two discovery motions, which lasted slightly more than an hour. Doc. 79. In the Motion, Defendant seeks redaction of portions of three lines of the transcript from that hearing. Doc. 89 at 2. The proposed redactions consist of snippets of testimony that was read at the hearing from a deposition in a prior case. *Id.*

Defendant argues the redactions it seeks are appropriate because the testimony at issue (i) was subject to a confidentiality agreement in the prior action, and (ii) relates to confidential and proprietary business operations of Defendant. *Id.* In their

Response, Plaintiffs argue that (i) Defendant has not adequately explained why the testimony at issue, which relates to Defendant's accounts receivable, is truly confidential or proprietary; and (ii) Defendant has not overcome the presumption of public access that attaches to judicial records. Doc. 93 at 2-4.

"While the public has 'a common-law right to inspect and copy judicial records and public documents,' materials filed with discovery motions are not subject to the common law right of access" and are instead evaluated under the ordinary good-cause standard of Fed. R. Civ. P. 26(c). *Entrust Datacard Corp. v. Zeiser GmbH*, No. 3:17-cv-110-J-39MCR, 2019 WL 12522657, at *2 (M.D. Fla. Feb. 15, 2019) (internal citations omitted); *see also Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310, 1312 (11th Cir. 2001). As such, the redactions at issue in the Motion—concerning a hearing on two discovery motions—are not subject to the common law right of access. *See Chicago Trib. Co.*, 263 F.3d at 1312; *Entrust Datacard Corp.*, 2019 WL 12522657, at *2; *see also United States v. Nickens*, 809 F. App'x 584, 591-92 (11th Cir. 2020).[1]

Upon review, and regardless of whether the common law right of access applies, the redactions requested in the Motion are exceedingly narrow, comprising less than three lines from the hour-plus hearing on the discovery motions. The information at issue appears to implicate confidential business information about accounts receivable and, if redacted, does not meaningfully interfere with any ability to follow proceedings

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

in the hearing at issue. On balance, good cause exists for the limited redactions requested. *See Entrust Datacard Corp.*, 2019 WL 12522657, at *2.

Accordingly, it is **ORDERED**:

1.      The Motion (Doc. 89) is **granted**.

2.      A version of the transcript from the October 31, 2024, hearing (Doc. 86), redacted as to all information within quotation marks on page 7, lines 10-12, shall be filed on the public docket. The unredacted version of the transcript shall remain sealed until further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida, on January 17, 2025.


_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record